**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Irvin Frank Kramer, Jr.,** | ) | **CASE NO. 1:05 CV 189** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Reginald Wilkinson, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendants' Second Motion to Dismiss (Doc. 22) and plaintiff's Motion for Summary Judgment (Doc. 24). For the following reasons, defendants' motion is GRANTED and plaintiff's motion is DENIED.

### Facts

Plaintiff, Irvin Frank Kramer, Jr., *pro se*, an inmate currently incarcerated at the Grafton Correctional Institution located in Grafton, Ohio, filed this Complaint against defendants Reginald Wilkinson as the then Director of the Ohio Department of Rehabilitation and Corrections (ODRC) and Dr. Ronald Moomaw, Director of Clinical Services, ODRC Bureau of

1

Mental Health Services.  Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff alleges that the mental health in the Ohio prison system "has gone down" and that "two doctors say [plaintiff] would have to go off [his] medication (lithium) because of kidney failure."  Plaintiff also alleges that while incarcerated at Mansfield Correctional Institution he was placed in segregation, sprayed with mace and forced medication. Plaintiff claims he is being oppressed by ODRC doctors and staff "to conform to meds," and that he is entitled to a "second opinion of a[n] outside doctor."

This Court previously *sua sponte* dismissed plaintiff's Complaint for failure to exhaust administrative remedies.  The Sixth Circuit Court of Appeals reversed the dismissal in light of *Jones v. Bock,* 127 S.Ct. 910 (2007), wherein the Supreme Court held that failure to exhaust is an affirmative defense under the Prison Litigation Reform Act (PLRA), and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  While *Jones* was not decided at the time of this Court's dismissal of the Complaint, the Sixth Circuit recognized that it is now controlling precedent and, therefore, the *sua sponte* dismissal was reversed.

This matter is now before the Court upon defendants' Second Motion to Dismiss and plaintiff's Motion for Summary Judgment.

**Discussion**

**(A) Motion to Dismiss**

On remand, defendants have moved to dismiss asserting that plaintiff's Complaint fails to state a claim and that plaintiff has failed to exhaust his administrative remedies prior to filing his lawsuit.  The Court will initially address the failure to exhaust.

**(1) exhaustion**

The PLRA, applies to persons incarcerated in prison who bring civil actions against a government entity or employee. Certain requirements must be satisfied prior to and contemporaneously with the filing of a lawsuit. As discussed below, plaintiff failed to comply with the PLRA prior to commencing this suit which mandates dismissal of the Complaint.

Under 42 U.S.C. §1997e(a), a prisoner confined in jail may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." *White v. McGinnis*,131 F.3d 593, 595 (6th Cir. 1997).

The administrative remedy must be exhausted against each named defendant prior to an inmate filing a lawsuit. The administrative remedy is provided to Ohio prisoners in the grievance procedure set forth in Ohio Administrative Code (OAC) 5120-9-31.  Specifically, the inmate grievance procedure is comprised of three consecutive steps which include the filing of an informal complaint (step one), the filing of the notification of a grievance (step two) and the filing of an appeal of the disposition of a grievance (step three).  *Id.*

By way of its motion, defendants have asserted that plaintiff failed to exhaust his administrative remedies.  Additionally, defendants have submitted a notarized letter signed by ODRC Assistant Chief Inspector Hugh Daley, R.N., who avers that there has been exhaustion with his office of three claims made by plaintiff. The first exhausted grievance involved plaintiff's allegation that there was no orientation to working in the kitchen. The second exhausted grievance involved plaintiff's complaint about typewriters in the law library. The third grievance involved allegations regarding plaintiff's classification as mentally ill against other individuals (i.e., Ms. Henderson, RN, Dr. Wayshville, Dr. Hammond and Dr. J. Herbert

Manton), who are not defendants herein. Inspector Daley further states that plaintiff's Grievance File "contains no complaints concerning his treatment neither with Lithium nor with the state of Mental Health services having 'gone down hill.' " (Doc. 22 Ex. 2)

Based on this information, plaintiff has failed to grieve and/or exhaust his administrative remedies available under the PLRA as to the claim asserted in his Complaint. Plaintiff offers nothing in response to show that he so grieved. While plaintiff attached an informal complaint to his Complaint, he has provided no further evidence to show that he then exhausted this grievance as required by OAC 5120-9-31 by proceeding to the second and third steps of the grievance procedure. Although under *Jones, supra,* plaintiff is not required to plead or demonstrate exhaustion in his Complaint, defendants have now raised and proven this affirmative defense. Accordingly, dismissal is appropriate.

Nor do the exhibits attached to plaintiff's Motion for Summary Judgment demonstrate that plaintiff exhausted his administrative remedies with regard to the allegations made in his Complaint. First, the documents are not authenticated. Unsworn and unauthenticated documents do not satisfy the requirements of Fed.R.Civ.P. 56(e). The Sixth Circuit has stated that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded. *See Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 968-69 (6th Cir.1991) and *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir.1979). Second, even if admissible, the documents do not show that plaintiff has exhausted the claim made in his Complaint.

Additionally, plaintiff seems to argue that he did not exhaust this claim because prison officials failed to provide him with the necessary grievance forms. Initially, the Court notes that

4

this is a mere conclusory allegation unsupported by affidavit or otherwise.  Moreover, the documents attached to plaintiff's motion as well as the notarized letter submitted in support of defendants' motion show that plaintiff did have access to the grievance procedure when complaining about other matters.  Thus, plaintiff's assertion is not persuasive.

For these reasons, dismissal on the basis of failure to exhaust is appropriate.

**(2) failure to state a claim**

Even assuming that plaintiff did properly exhaust his claim, dismissal is still proper against defendants.

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687 (6th Cir. 1999).  The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989).   However, the complaint must set forth "more than the bare assertion of legal conclusions.  *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

For an inmate to establish a claim under 42 U.S.C. §1983 for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment because of an alleged failure to provide adequate medical care, he must demonstrate that a defendant acted with "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Negligence or mere medical malpractice does not violate the Eighth Amendment and is not actionable under

5

§1983. *Loggins v. Franklin County, Ohio*, 2007 WL 627861 (6th Cir. March 01, 2007) (citations omitted).

Plaintiff does not allege and there can be no showing that the defendants were deliberately indifferent to his condition. Mere negligence, or difference of opinion regarding treatment, is not enough to establish deliberate indifference. Plaintiff appears to allege that he is being forced to take medication despite the opinion of two doctors that the medication would cause kidney failure, and that he is entitled to another medical opinion. Where a prisoner has received some medical attention and his claims "involve a mere difference of opinion between him and medical personnel regarding his treatment," the prisoner does not state a claim under the Eighth Amendment. *McFarland v. Austin,* 196 Fed. Appx. 410 (6th Cir. 2006). *See also Alder v. Correctional Medical Services,* 73 Fed. Appx. 839 (6th Cir. 2003) (A difference of opinion regarding medical treatment fails to rise to the level of a legally arguable claim under the Eighth Amendment.) and *Hill v. Haviland,* 68 Fed. Appx. 603 (6th Cir. 2003) (A difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim.)

On this basis, plaintiff's allegations regarding his medical care fail to state a claim for cruel and unusual punishment.

Additionally, plaintiff's Complaint makes no mention of defendant Wilkinson's direct participation in any of the events affecting plaintiff. Nor is Wilkinson mentioned in the body of the Complaint. As such, his dismissal is appropriate. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (Recognizing that § 1983 liability must be based on more than respondeat superior, and that a supervisory official's failure to supervise the offending individual is not

actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.)

For these reasons, defendants' Second Motion to Dismiss is granted.

### (B) Motion for Summary Judgment

Plaintiff has moved for summary judgment at this early stage of his case. Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most

favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

Plaintiff fails to demonstrate that he is entitled to judgment as a matter of law.  As discussed above, plaintiff does not submit evidence permitted by Rule 56 which shows that there is no material issue of fact as to his claim.

**Conclusion**

For the foregoing reasons, defendants' Second Motion to Dismiss is granted and plaintiff's Motion for Summary Judgment is denied.  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/6/07